UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13231 SUNDANCE LLC,<br><br>        Plaintiff,<br>vs.<br><br>ANGEL SILVA, ROSA M. ESCOBAR, AND DOES 1-10,<br><br>        Defendants. | CASE NO. 12-CV-0185-H (NLS)<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

  On January 23, 2012, Defendant Rosa M. Escobar, proceeding pro se, filed a notice of removal of this case from the Superior Court of the State of California to the United States District Court for the Southern District of California. (Doc. No. 1.) On January 24, 2012, the Court ordered Defendants Silva and Escobar to show cause on or before February 2, 2012 at 5:00 p.m. why this action should not be remanded to state court. On February 2, 2012, Defendant Escobar responded to the Court's order to show cause. (Doc. No. 5.)

  Federal courts are courts of limited jurisdiction. United States v. Mark, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

  Only cases that would have had original jurisdiction in a federal district court may be

1 removed from state court. 28 U.S.C. § 1441(a). The removal statute is strictly construed
2 against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as
3 to the right of removal in the first instance. Provincial Gov't v. Placer Dome, Inc., 582 F.3d
4 1083, 1087 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The
5 'strong presumption' against removal jurisdiction means that the defendant always has the
6 burden of establishing that removal is proper." Gaus, 980 F.2d at 566; see also Abrego Abrego
7 v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam) ("[U]nder CAFA the
8 burden of establishing removal jurisdiction remains, as before, on the proponent of federal
9 jurisdiction."). Further, a "defendant may not remove a case to federal court unless the
10 plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd.
11 v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983). The district court must
12 remand if it lacks jurisdiction over the removed case. See Sparta Surgical Corp. v. Nat'l Ass'n.
13 Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).

14 Defendant argues that the complaint contains federal causes of actions such as the Truth
15 in Lending Act and Fair Debt Collection Practices Act, and therefore removal to federal court
16 is proper. However, the original complaint does not list any of these claims. (Doc. No. 1.)
17 In the complaint, Plaintiff alleges unlawful detainer and damages amounting to less than
18 $10,000. (Doc. No. 1.) Unlawful detainer does not arise under federal law, and the pleaded
19 damages do not meet the amount in controversy required for diversity jurisdiction. 28 U.S.C.
20 § 1332. Because the Court lacks subject matter jurisdiction to hear the case, the Court remands
21 this case to the Superior Court, County of San Diego.

22 **IT IS SO ORDERED**.
23 DATED: February 2, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT